# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES A. SHADID, L.L.C., an Oklahoma Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ASPEN SPECIALTY INSURANCE COMPANY, a foreign Corporation,<br><br>Defendant. | Case No: CIV-15-595-D |

## COMPLAINT

COMES NOW Plaintiff, Charles A. Shadid, L.L.C., and for its causes of action against the Defendant, Aspen Specialty Insurance Company, alleges and states:

1. At all times material hereto, Plaintiff, Charles A. Shadid, L.L.C., (hereinafter "Shadid") is an Oklahoma Limited Liability Company duly authorized to conduct business in the State of Oklahoma, with it principal place of business in Oklahoma County.

2. Defendant, Aspen Specialty Insurance Company, (hereinafter "Aspen") is a foreign corporation incorporated, domiciled and maintains its principal place of business in Boston, Massachusetts. Aspen is authorized to transact business within the State of Oklahoma and may be served with process through its designated service agent, identified as John Doak, Oklahoma Insurance Commissioner, 5 Corporate Plaza, Suite 100, 3625 NW 56th Street, Oklahoma City, Oklahoma 73112.

3. The amount in controversy is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

4. The involved commercial buildings, mostly located in Oklahoma City, were insured by Aspen, Policy No. PRAAJM 212, effective August 20, 2012 through August 20, 2013. The subject policy was in full force and effect at all times pertinent hereto.

5. Based on the foregoing, this Court has jurisdiction over these parties and this subject matter and venue is proper herein.

## FIRST CLAIM FOR RELIEF

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST DEFENDANT

6. The following properties owned by Shadid sustained an insured loss from a tornado on or about May 31, 2013.

| Property ID | Name and Address | Type of Property |
|---|---|---|
| Property No. 1 | Will Rogers Park Plaza I<br>3000 – 3096 N. Portland<br>Oklahoma City, OK 73107 | Shopping Center |
| Property No. 3 | Walnut Creek Shopping Center<br>1110-1164 N. MacArthur<br>Oklahoma City, OK 73127 | Shopping Center |
| Property No. 4 | 16th and Indiana<br>1708 – 1739-41, 1749-59 NW 16th<br>Oklahoma City, OK  73111 | Shopping Center |
| Property No. 5 | Park Plaza Shopping Center<br>3705 – 3727 Springlake Drive<br>Oklahoma City, OK 73111 | Shopping Center |

| Property ID | Name and Address | Type of Property |
|---|---|---|
| Property No. 7 | Northeast Shopping Center<br>1108-16, 1124, 1128-48 NE 36th, 3613, 3617-33, 3641-63, 3667-73 N. Lottie<br>Oklahoma City, OK 73111 | Shopping Center |
| Property No. 8 | Lakeshore Shopping Center<br>5821-25 W. Wilshire<br>7902-36 N. MacArthur<br>Oklahoma City, OK 73132 | Shopping Center |
| Property No. 10 | MacArthur Park<br>2230 – 2344 N. MacArthur<br>Oklahoma City, OK 73111 | Shopping Center |
| Property No. 11 | Sooner Market<br>101-11, 113-207, 209 S. Sooner Rd<br>5500-42 E. Reno<br>Del City, OK 73115 | Shopping Center |
| Property No. 12 | Victoria Building<br>1901 – 1915 Classen Blvd.<br>Oklahoma City, OK 73106 | Office/Retail/Restaurant |
| Property No. 13 | Newport Shops<br>9120-46 N. MacArthur<br>Oklahoma City, OK 73132 | Shopping Center |
| Property No. 14 | Brookwood Shopping Center<br>8932 – 8996 S. Western<br>Oklahoma City, OK 73139 | Shopping Center |
| Property No. 15 | Delwood Shops<br>3204-3220 Tinker Diagonal<br>Del City, OK 73115 | Shopping Center |
| Property No. 16 | Hartsdel Shopping Center<br>3001 – 3029 S.E. 44th Street<br>Del City, OK  73115 | Shopping Center |
| Property No. 17 | 33 NE 28th Street<br>Oklahoma City, OK | Warehouse |
| Property No. 18 | 2036 NE 23rd<br>Oklahoma City, OK 73111 | Retail |
| Property No. 19 | 1400 NW 23rd<br>Oklahoma City, OK 73106 | Resturant |
| Property No. 20 | 8467-95 NE 23<br>Spencer, OK 73141 | Shopping Center |

| Property ID | Name and Address | Type of Property |
|---|---|---|
| Property No. 21 | 5810 S. Western<br>Oklahoma City, OK 73106 | Club |
| Property No. 22 | 3121 N. Classen<br>Oklahoma City, OK 73118 | Office |
| Property No. 23 | 3838 Springlake Drive<br>Oklahoma City, OK 73111 | Restaurant |

7. Shadid submitted a claim for the hail/wind/debris impact damage from the tornado to Aspen and complied with all conditions precedent to recovery under the subject insurance policy.

8. Aspen breached the subject insurance contract by wrongfully refusing coverage, failing and refusing to pay the proper amounts due under the policy for the covered damage to Shadid's properties.

9. Aspen breached the implied covenant of good faith and fair dealing in the insurance contract, in accord with its routine practice for the handling of such claims, in the following respects:

    a. failing and refusing payment and other policy benefits on behalf of Shadid at a time when Aspen knew that it was entitled to those benefits;

    b. failing to properly investigate Shadid's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

    c. withholding payment of the benefits on behalf of Shadid knowing that Shadid's claims for those benefits were valid;

    d. refusing to honor Shadid's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

    e. refusing to honor Shadid's claims in some instances by applying restrictions not contained in the policy;

  f. refusing to honor Shadid's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

  g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Shadid's claims;

  h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Shadid's claims once liability had become reasonably clear;

  i. forcing Shadid, pursuant to its standard claims practice, to retain counsel in order to secure benefits Aspen knew were payable;

  j. failing to properly evaluate any investigation that was performed;

  k. refusing to consider the reasonable expectations of the insured;

  l. ignoring covered damage which Aspen knows occurred while it insured Shadid's property;

  m. failing and refusing to properly investigate and consider the insurance coverage promised to their insured;

  n. issuing coverage and knowing they had insured the risk, knowing the nature of the risk and then refusing to honor the coverage they intended to issue,

  o. ignoring the known law of waiver and estoppel by refusing to provide benefits they knew were promised to their insured;

  p. Unreasonably delaying any prompt payment of policy benefits; and,

  q. refusing to fully investigate, properly evaluate and promptly pay at least those amounts of damage it found from the storm;

  r. hiring engineers to rubber-stamp previous determinations of denial without any adequate investigation, consideration or reasonableness in the engineers report;

  s. refusing to investigate or consider any objective evidence that might support storm damage in these claims; and,

  t. Defendant intentionally issues overly broad and overly burdensome discovery requests so that their insured cannot comply and does not know what information might truly be needed relevant to their claim. This routine practice is with the design to continually avoid any obligation to promptly determine and offer any estimate on the claim with the excuse that they are unable to make any evaluation based

upon further information that they contend they need in connection with the claim. This claims design is intended to and does act to harass and coerce their insured while refusing to make any offer or estimate of any kind on the claim and in an effort to force them into a compromised settlement of their policy benefits for less than Aspen knows to be owing on the claim;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to Aspen.

10. As a direct result of Aspen's breach of contract and bad faith Shadid has suffered loss of the policy benefits, loss of the coverage promised by Aspen, additional damage as a result of delayed response, consequential damages resulting from inability to make needed decisions for the buildings, costs to mitigate damages and other damages.

11. Aspen recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith and Shadid is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, for its damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages against Aspen is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

                                        **MANSELL ENGEL & COLE**

                                        s/Mark A. Engel
                                        Steven S. Mansell, OBA #10584
                                        Mark A. Engel, OBA #10796
                                        Kenneth G. Cole, OBA #11792
                                        101 Park Avenue, Suite 665
                                        Oklahoma City, OK 73102
                                        T: (405) 232-4100 ** F: (405) 232-4140

Email: mansell-engel@coxinet.net

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**          **ATTORNEYS FOR PLAINTIFF**