IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES A. SHADID, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-595-D |
| | ) | |
| ASPEN SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

By Order of June 5, 2015, the Court directed Plaintiff Charles A. Shadid, L.L.C., an Oklahoma limited liability company, to amend its pleading to identify its members and allege their citizenship. Without this information, the Court found that the Complaint failed to demonstrate diversity of citizenship between the parties and failed to show the existence of subject matter jurisdiction under 28 U.S.C. § 1332, as asserted by Plaintiff. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). Upon examination of the First Amended Complaint, the Court again finds insufficient factual allegations to establish diversity of citizenship.

Plaintiff identifies its members as three Oklahoma trusts. The Tenth Circuit has announced the following rule: "When a trustee is a party to litigation, it is the trustee's citizenship that controls for purposes of diversity jurisdiction, as long as the trustee satisfies the real-party-in-interest test set out in *Navarro* [*Savings Ass'n v. Lee*, 446 U.S. 458 (1980)]. When the trust itself is party to the litigation, the citizenship of the trust is derived from all the trust's 'members.' . . . [A]t a minimum, a trust's membership includes the trust's beneficiaries." *See Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1181 (10th Cir. 2015) (footnote omitted). The court left open the

question of whether a trust's membership also includes its trustees for purposes of determining its citizenship. *See id.* at 1181-82 (internal quotation omitted).

In this case, the First Amended Complaint contains no facts that would establish the citizenship of the three trusts that are alleged to be members of the limited liability company. Accordingly, the Court finds that the First Amended Complaint fails to sufficiently allege Plaintiff's citizenship for purposes of establishing diversity jurisdiction.

IT IS THEREFORE ORDERED that Plaintiff is directed to file an amended pleading within 14 days of this date to cure the deficiency identified in this Order.

IT IS SO ORDERED this 22nd day of June, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE