**Associated Claims Management, Inc.**
510 E. 1st Street
Oakboro, NC 28129

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

November 4, 2013

Mr. Charles Shadid
1901 Classen Blvd
Suite 222, Victoria Bldg
Oklahoma City, OK  73106

Claim Number:   PR1200037375
Policy Number:  PRAAJM212
Date of Loss:   5/31/2013
Loss Locations: *Multiple* – Refer to Schedule of Locations
Policy Dates:   8/20/2012 – 8/20/2013

Dear Mr. Shadid,

This letter follows our previous conversations with you concerning the referenced claim. Be advised that Associated Claims Management, Inc. (ACM) has been retained by your insurance company, Aspen Specialty Insurance Company (Aspen), to assist you in presenting this claim.

We met with you and your public adjuster, Mr. Renfroe, recently for a preliminary inspection of all 47 buildings on this policy. During this inspection, we observed various conditions on the buildings which are located throughout the Oklahoma City metro area. We observed that most, but not all, roofing surfaces had been replaced during recent years. It appeared that much of the remaining exterior roofing components (HVAC, flashing, vent caps, etc.) had been in place for a long time. We observed storm damage to some roofs which occurred at some time since the roofs were replaced. Many roofs had no evidence of storm damage. Following this inspection, we advised that Aspen would require engineering inspections of each of these properties. We are currently working with Aspen and the engineering firm to coordinate this engineering evaluation.

**INFORMATION REQUESTED:**

In our first letter dated 9/4/2013, we requested basic information to assist us in gaining an overview and understanding of both the general properties and any specific damages which may have resulted on the date of loss of 5/31/2013. In your reply letter dated 9/23/2013, you provided some information, but not most of what we requested. Since the previously requested documentation to support the claim has not been received, Aspen cannot accept the Proof of Loss document as submitted as a basis for indemnity, and it is being rejected as additional information is necessary for a claim investigation. As such, we renew our request for the following:

1. **Please identify any specific repairs due to this loss. Provide any repair estimates that you have received for this loss.**

EXHIBIT 18

➔ You advise of dozens of repairs due to this loss date, made at the majority of your properties, mostly roof repairs and ceiling tiles. Please provide clarification on specific repairs made at each location which are directly due to this loss. For example, specify if one-square of roofing was repaired, or 20-feet of flashing was replaced, or similar explanation of actual repairs. Also, please advise whether you have any repair scopes, estimates, or invoices for this loss.

2. **Please identify the approximate dates you acquired these properties.**

   ➔ You advise that Charles A. Shadid, LLC took title to these properties on 9/9/2007. Our understanding is that you have been involved in these properties for decades, via one ownership entity or another. Please advise the approximate dates, or general length of time, that you have been affiliated with these properties in some form of ownership, care, custody, or control.

3. **Please identify any major exterior repairs for the roofs/siding during the past 10 years (*examples*: roof replacements, re-seal roofs, replace mansards, etc.).**

   ➔ We have not received a response. This should include a list of all specific repairs made at each of the properties following your insurance settlement from the 2010 storm claim.

4. **Please identify any other claims for exterior damage that have been filed on these properties while they have been in your care, custody and control. Be sure to include claim #s, policy #s, and names of insurers, estimates, correspondence, and final settlement documentation.**

   ➔ We have not received a response. This should include a copy of the settlement documents from your 2010 storm claim, along with any other claims on these properties.

5. **Please supply a list of all insurance policies which provided coverage for property damage at the claimed locations during the past 10 years.**

   ➔ We have not received a response.

Be advised that this is not an exhaustive list; should we need further information we reserve the right to request it. Receipt of these requested items will provide a strong starting point to assist Aspen in the evaluation of this claim. Our prior letter dated 9/4/2013 provided the policy language which details the required *duties of the insured*.

**PROOF OF LOSS:**

On 10/21/2013 we received a Sworn Statement in Proof of Loss (SPOL) in the net claimed amount of $4,950,000.00 which was dated 10/10/2013. This document had technical errors related to the loss location. We advised you of this on 10/23/2013 and you supplied a revised SPOL on same date, however it was sworn by the notary to have been signed on 10/10/2013, even though it was prepared following our conversation on 10/23/2013. Since this would appear to be a material error as well as a violation, please provide an affidavit from the notary swearing to the date the document was actually executed.

The document received is formatted more similarly to an offer to settle the claim and not as a sworn statement of the loss amount. To avoid confusion, we are providing a blank proof of loss

form. Please complete this proof and return to us accompanied by the remaining documentation which has been requested.

**COVERAGE CONCERNS:**

During our inspection and in your provided repair scope, we noted several issues which raise coverage concerns. At this time, we refer you to the following language contained in the Causes of Loss form (CP 1030 0402) which is part of your policy:

2. *We will not pay for loss or damage caused by or resulting from any of the following:*
   *d. (1) Wear and tear;*
   *(2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;*
   *(4) Settling, cracking, shrinking or expansion*

We noted conditions on some roofing materials or components that appeared related to normal, expected wear and tear. Some roofs had indications of decay or deterioration in the decking and/or structure. We observed many instances of roofing sealant which was cracked, shrunk, or settled which would likely allow water intrusion. To the degree that any of these items were not caused by recent storm damage, coverage would not be provided.

\*\*\*

3. *We will not pay for loss or damage caused by or resulting from any of the following:*
   *c. Faulty, inadequate or defective:*
   *(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
   *(4) Maintenance;*
   *of part or all of any property on or off the described premises.*

We noted conditions on some roofs where the previously replaced roofing materials were not properly or adequately adhered or sealed. Many large air pockets were in the modified-bitumen roofing which may lessen the lifespan of this component or lessen its ability to protect the underlying structure. Maintenance issues were observed which may have contributed to any possible roof leaks. Coverage may not be provided for damages related to these items.

\*\*\*

C. *Limitations*
1. *We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.*
   *c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:*
   *(1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or*
   *(2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.*

On most buildings, we did not observe hail or wind damage that would have potentially contributed to an opening in the building exterior which would have allowed water to enter the interior of the building. Unless a storm created opening exists, coverage would not be provided for interior water damage.

\*\*\*

*Policy Period: 8/20/2012 – 8/20/2013*
*Date of Loss: 5/31/2013*

Coverage is only provided for damage that occurred during this policy period. During our inspections we noted general building conditions that indicated an accumulation of damage or cosmetic damage over the lifespan of the buildings or components (examples: HVAC units, vents, flashing, etc.). In addition, we noted possible concerns about potential damages that may have occurred over the past few years as a result of various storms on multiple loss dates. Each separate occurrence or storm event that contributed to any damages would require a separate claim to be filed, and only occurrences within this policy period would be eligible for coverage consideration.

**EXAMINATION UNDER OATH:**

Please accept this as notice of the carrier's intent to conduct an Examination Under Oath (EUO). Upon receipt of the aforementioned information, we will schedule the EUO.

**ADDITIONAL:**

Based on our verbal conversations, we believe your intention in submitting the Proof of Loss is to convey your expectation for a negotiated settlement. The carrier is not opposed to this possibility, however at this time they do not have enough information to define a reasonable value for settlement or whether a covered loss has actually occurred. This claim is in the early stages of evaluation. Your continued cooperation and receipt of the requested information will expedite the claim process.

*This letter is not intended to be an exhaustive listing of all of the terms, conditions, exclusions and other provisions of the policy that might possible serve to limit or preclude coverage. Aspen Specialty Insurance Company is proceeding with this investigation under a complete reservation of rights; Aspen reserves the right to address any other coverage issues that might arise in the future under the terms, conditions, exclusions and provisions of the policy. Any action taken by Aspen Specialty Insurance Company or anyone acting on their behalf concerning this loss is not to be construed as a waiver of any policy terms and conditions.*

Thank you in advance for your cooperation and we look forward to receiving the requested documentation. Please call me at the number listed below if you have any questions.

Sincerely,

Ken Smith
Associated Claims Management, Inc.
*on behalf of Aspen Specialty Insurance Company*
(Office) 704-485-8975
(Fax) 704-973-9303

cc: Jonna Holm, *Aspen Specialty Insurance Company*

    Jerry Renfroe, *public adjuster*
    Just Property Restoration
    7509 NW 135th Street
    Oklahoma City, OK  73142

    Cliff Miller, *agent*
    Professional Insurors, LLC
    7301 N. Broadway
    Suite 200
    Oklahoma City, OK  73116