## LOBMAN, CARNAHAN, BATT, ANGELLE & NADER
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

**400 POYDRAS STREET**
**SUITE 2300**
**NEW ORLEANS, LOUISIANA 70130-3425**

TELEPHONE (504) 586-9292
FACSIMILE (504) 586-1290

WWW.LCBA-LAW.COM

WRITER'S E-MAIL ADDRESS:
JPN@LCBA-LAW.COM

November 22, 2013

FAX 405-525 6675
Charles A. Shadid
Charles A. Shadid, LLC
1901 Classen Blvd., Suite 222
Oklahoma City, OK 73106

    Re:    Insured:    Charles A. Shadid, LLC
           Claim #:    PR1200037375
           Date of Loss: 5/31/2103
           Our File #:    125.131880

Dear Mr. Shadid:

    I have been retained on behalf of Aspen Specialty Insurance Company in connection with the referenced claim and offer this letter in response to yours of November 8, 2013. As you know, Aspen has requested certain material information relative to the property damage at issue and for which you seek recovery under the policy. Unfortunately, you have stymied Aspen's efforts to evaluate this claim by objecting to many of the requests claiming that they are "broad, uncertain and ambiguous" such that they are "unanswerable". Further, you contend that the requests are "not relevant and are unreasonable, unduly burdensome, oppressive and harassing" and are "not pertinent because there were not any exclusions or disclaimers in the policy as to prior or existing damage". Your objections are wholly conclusory and are not supported by the facts of this claim and the controlling policy language.

    I would first like to direct you to the following provisions contained within the applicable policy which I understand you have in your possession. First, the policy generally provides that Aspen will pay for property damage to covered property resulting from a covered cause of loss, subject to various terms, conditions and exclusions, which occurs during the policy period:
    **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
    **FORM CP 00 10 04 02**


EXHIBIT 19

A. Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

\*\*\*

## COMMERCIAL PROPERTY CONDITIONS
## FORM CP 00 90 07 88

### H. POLICY PERIOD, COVERAGE TERRITORY

Under this Coverage Part:
1. We cover loss or damage commencing:
    a. During the policy period shown in the Declarations; and
    b. Within the coverage territory.
2. The coverage territory is:
    a. The United States of America (including its territories and possessions);
    b. Puerto Rico; and
    c. Canada.

The following policy provisions serve to limit or exclude coverage under the policy.

## CAUSES OF LOSS – SPECIAL FORM
## FORM CP 10 30 04 02

### B. Exclusions

2. We will not pay for loss or damage caused by or resulting from any of the following:

\*\*\*

    d.
        (1) Wear and tear;
        (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
        (3) Smog;
        (4) Settling, cracking, shrinking or expansion;
        (5) Nesting or infestation, or discharge or release of waste products or secretions, by insects, birds, rodents or other animals.
        (6) Mechanical breakdown, including rupture or bursting caused by centrifugal force. But if mechanical breakdown results in elevator collision, we will pay for the loss or damage caused by that elevator collision.
        (7) The following causes of loss to personal property:
           (a) Dampness or dryness of atmosphere;

    **(b)** Changes in or extremes of temperature; or
    **(c)** Marring or scratching.

    But if an excluded cause of loss that is listed in **2.d.(1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

\*\*\*

3. We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

\*\*\*

    **c.** Faulty, inadequate or defective:
      **(1)** Planning, zoning, development, surveying, siting;
      **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
      **(3)** Materials used in repair, construction, renovation or remodeling; or
      **(4)** Maintenance;

of part or all of any property on or off the described premises.

Finally, the policy contains the following provisions which set forth your duties, as the insured under the policy, owed to the carrier in the event of a loss for which you seek coverage under the policy:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
**FORM CP 00 10 04 02**

**E. Loss Conditions**
The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

\*\*\*

**3. Duties In The Event Of Loss Or Damage**
**a.** You must see that the following are done in the event of loss or damage to Covered Property:

    **(1)** Notify the police if a law may have been broken.

    **(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

    **(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(8) Cooperate with us in the investigation or settlement of the claim.

b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

\*\*\*

## COMMON POLICY CONDITIONS
## FORM IL 00 17 11 98

### C. Examination Of Your Books And Records
We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

This is not intended to be an exhaustive listing of all of the applicable policy provisions, terms, limitations, or exclusions that may apply to this claim.

Through this correspondence, I am reasserting Aspen's previous requests for the following information and have identified additional, necessary information and documentation that remains outstanding

1. Please identify any specific repairs due to this loss. Provide any repair estimates that you have received for this loss;

   *We have received the damage estimate prepared by Just Property Restoration. We also acknowledge the response contained in your November 8, 2013 letter outlining various "steps and repairs" which you have "made to prevent further damage as required by the Policy". You are requested to produce documentation to support these repairs which includes, but should not be limited to, repair estimates, invoices, and proof of payment, checks, etc.*

2. Please identify any major exterior repairs for the roofs/siding during the past 10 years (*examples*: roof replacements, re-seal roofs, replace mansards, etc.);

   *Information and documentation for such repairs has been requested and you have objected that this request is "broad, ambiguous, irrelevant, and blatantly unreasonable". As demonstrated above, the condition of the properties prior to the date of loss is extremely relevant to Aspen's determination as to what damages may be covered by the Aspen policy. Please advise as to any specific ambiguity in the request so that we can clarify any misunderstanding you may have. As demonstrated by the policy provisions referenced above, you are incorrect in your assertion that the "policy does not provide for exclusions or disclaimers of any previous damage". You, as the insured under the policy, have asserted a claim for damage to the 25 locations at issue, and the scope of the information requested by Aspen is relative to the size and nature of the claim which you have asserted. Aspen's requests are not unreasonable under the circumstances of this claim.*

3. Please identify any other claims for exterior damage that have been filed on these properties while they have been in your care, custody and control. Be sure to include claim #s, policy #s, and names of insurers, estimates, correspondence, and final settlement documentation;

   *This information is necessary for the same reasons set forth in request no. 2 above. Please advise of any specific ambiguity or misunderstanding on your part as to what particular information is being requested so that we can clarify the specific information and documentation which is sought. Aspen is aware of at least one prior property damage claim in close proximity to the claim now asserted, and the damages and repairs relative to prior claims is directly relevant to Aspen's determination of covered damages for the current claim.*

4. Please supply a list of all insurance policies which provided coverage for property damage at the claimed locations during the past 10 years.

   *You contend that this information is unnecessary, harassing, and would require you to incur additional expense. This information is necessary to assist Aspen in determining which carriers may have insured the property and settled previous property damage claims. Again, this information is relevant to the determination of property damages which may have occurred during the applicable policy*

*period. Please itemize of the additional expenses you reference so that we can discuss an amicable solution to that issue. Finally, please identify the "agent" you reference in your response as Aspen has not retained any insurance agent to act on its behalf in the sale to you of any property insurance policies. Perhaps you are referring to your own insurance agent, Cliff Miller with Professional Insurors? Please clarify.*

It appears that the primary basis for your refusal to provide the requested information is the contention that Aspen policy affords coverage for pre-existing damages. The suggestion that information regarding any such pre-existing damages is not relevant is not supported by the controlling policy provisions which have been quoted above verbatim for your consideration. Furthermore, it is a wholly unreasonable proposition that the Aspen policy would insure the properties against damages which occurred prior to the policy period.

Aspen is committed to performing a fair and honest evaluation into your property damage claim. However, Aspen relies upon you, as the insured, for your cooperation and assistance in conducting its investigation. Aspen will not be able to complete its investigation without the information and documentation that has been requested. For these reasons, Aspen must reject your proof of loss for lack of sufficient information regarding the scope and nature of damages which may be covered by the Aspen policy. As was previously indicated, Aspen intends to have an engineer inspect each of the properties which are the subject of this claim following receipt of the requested information. The engineer requires the requested information in order to evaluate the cause and extent of any covered losses which will then be computed by an estimator. At this point, Aspen has been delayed in its ability to conduct these investigative tasks due to your non-compliance with aforementioned policy provisions in refusing to provide Aspen with the requested information.

You request that Aspen provide you with any inspection reports setting forth the amount of damages observed at the properties. Please know that no damage estimates have been prepared as the appropriate scope of damages has yet to be evaluated for the reasons set forth above.

In further effort to gather the necessary information on the claim, Aspen is requesting that you submit to an Examination Under Oath as required by the policy. Please advise of your available dates for the examination.

Please contact me after you have had an opportunity to review this letter so that we can schedule the examination under oath at a time which will allow you an opportunity to provide Aspen with the requested information.

This letter is not intended to include an exhaustive listing of all of the terms, conditions, exclusions and other provisions of the policy that may serve to limit or preclude coverage. Aspen Specialty Insurance Company is proceeding with this

investigation under a complete reservation of rights, and reserves the right to address any other coverage issues that might arise in the future under the terms, conditions, exclusions and provisions of the policy. Any action taken by Aspen Specialty Insurance Company or anyone acting on their behalf concerning this loss is not to be construed as a waiver of any policy terms and conditions.

        Sincerely,

        S/James P. Nader

        JAMES P. NADER
        CHARLES R. RUMBLEY

JPN/CRR