**CHARLES A. SHADID**
ATTORNEY AT LAW
SUITE 222, VICTORIA BUILDING
1901 CLASSEN BOULEVARD
OKLAHOMA CITY, OKLAHOMA 73106
(405) 525-8671

December 13, 2013

Lobman, Carnahan, Batt, Angelle & Nader
400 Poydras Street
Suite 2300
New Orleans, LA. 70130

Attn: James Nader

    Re:  Insured:    Charles A. Shadid, LLC.
          Claim #:    PR1200037375
          Date of Loss: 5/31/2013
          File #:      125.131880

Dear Mr. Nader,

This letter is in response to your letter of November 22, 2013.

Let me make it very clear, that I intend to provide Aspen Specialty Insurance Company with whatever information they are entitled to for Charles A. Shadid, LLC, to be in full compliance with the insurance policy, on the above claim of May 31, 2013. All information that I can reasonably find that you are entitled to will be provided to you.

The complete denial of any portion of our loss for May 31, 2013, for all shopping centers, after 7 months of investigation, is a reflection of bad faith on the part of Aspen. We again request a copy of the evaluation report of damages on all of the property that your adjuster Ken Smith, with Associated Claims Management, Inc. made on the properties. The information on this inspection will help us in our evaluation of the claim. In Mr Smith's letter, dated November 4, 2013, he stated as follows: "We observed that most, but not all, roofing surfaces had been replaced during recent years." Also he stated, "We observed storm damage to some roofs which occurred at some time since the roofs were replaced." With this information and no pre-existing damage exclusion, the request for information 10 years prior to the loss would not be reasonable. The age and condition of the roofs would be taken into consideration in the depreciation taken for the ACV.

The available dates for the examination, under oath, if agreeable to you, can be January 13, 14, 15, 16, 17 or January 21, 22, 23, 24. Examination to be taken at Suite 222, Victoria Building, 1901 Classen Blvd, Oklahoma City, OK. Please advise which date is preferable to you, along with the time.

We would like to make some settlement of this claim, before the first of the year, with a considerable deduction on the amount claimed by our public adjuster; however we need your willingness to at least talk to us about a settlement and not simply a complete denial of the total claim.

EXHIBIT 21

1

In response to your answer in reference to the fact that there was no pre-existing damage exclusion, please find the enclosed insurance proposal documents dated August 20, 2012:

    A. Exclusions clause did not provide or list pre-existing damage exclusion
    B. Provided for favorable inspections of property
    C. Listed all properties

Binder no. B1282111482 dated 8/21/2012 for policy period 8/20/2012 – 8/21/2013 lists exclusions, but does not include for a pre-existing damage exclusion.

A letter from agent of Professional Insurers dated August 20, 2012, stating premium cost of $180,571.00 includes an inspection fee of the property of $350.00.

A copy of statement for insurance 8/20/2012 – 8/20/2013, a copy of check and a copy of breakdown of property.

Danny Miller with Aspen Insurance Co. who was inspecting property for Aspen, said he was working for all risk and inspecting properties for Aspen Insurance Company. I talked to him on November 15, 2012, and at the time he was checking all 7 buildings at Will Rogers I and Will Rogers II. After Mr. Miller's inspection, he made no finding of any hail damage to any of the roofs. If this was not the law, how would an insured know what was insured or what was not insured. That was the purpose for the inspection which was paid for by the insured. Insured paid premium for total coverage, not partial coverage, which was not described in any way.

Aspen had included a pre-existing damage exclusion in the 8/20/2013 – 8/20/2014 policy because of the previous years losses of 8/20/2012 – 8/20/2013. I requested that it be removed, and it was removed. Aspen had full knowledge of the need for a Pre-existing Damage Exclusion.

Attached is a copy of the Oklahoma Appeals Court Decision, *case no. 90,235, Clint Duty and Polly Duty, Appellees, v. Farmers Mutual Fire Insurance Company*. This case is even stronger than our case in that the same insurance carrier paid for both the previous claim and the same loss in this appeal. Aspen has not paid for any previous claim and as in this case no exclusion was made in the policy. In the Duty case, the court also pointed out that they inspected the loss as in this matter. Clearly with this case ruling, some of the information that you are requesting is not relevant or reasonable.

This letter is not intended to be an exhaustive listing of all the terms, conditions, and provisions of the policy that might possibly serve the Insured's coverage. The insured, Charles A. Shadid, LLC, reserves the right to address any other coverage issues that might arise in the future under the terms, conditions, exclusions and provisions of the policy. Any action taken by Charles A. Shadid, LLC, or anyone acting on their behalf concerning this loss is not to be construed as a waiver of any policy terms and conditions.

                                                          Yours very truly,

                                                          Charles A. Shadid

Charles A Shadid/ AW
Certified Mail / Return Receipt requested