**Associated Claims Management, Inc**
510 E. 1st Street
Oakboro, NC 28129

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

April 10, 2014

Mr. Charles Shadid
1901 Classen Blvd
Suite 222, Victoria Bldg
Oklahoma City, OK  73106

Claim Number:    PR1200037375
Policy Number:   PRAAJM212
Date of Loss:    5/31/2013
Loss Locations:  *Multiple* – Refer to Schedule of Locations
Policy Dates:    8/20/2012 – 8/20/2013

Dear Mr. Shadid,

    I have been forwarded a letter from Mr. Engel dated 3/18/2014, to Mr. Nader which raises various issues regarding the claim. This letter is being directed to you because, as stated by Mr. Engel in his letter, you have not retained him as counsel in connection with this claim. I would like to take the opportunity to address several of the assertions raised by Mr. Engel regarding the handling of the claim and the need for additional documentation.

    First of all, Mr. Engel states multiple times that this claim was made in June 2013, which is incorrect. Actually, the Loss Notice that was filed is dated 8/15/2013 and ACM received the claim the following day on 8/16/2013.

    Second, Mr. Engel's letter references another issue that keeps surfacing. You have said several times that I told you I would give you copies of our damage reports and repair estimates. I have previously advised you on several occasions that damage reports and repair estimates will not be prepared until after Aspen's engineers inspect and evaluate the properties. The purpose of our initial inspection was to get a first glimpse of the 47 buildings you were claiming as damaged, and that led to the need to retain engineering services. The engineers will help to evaluate damages that may have occurred during Aspen's policy period and to separate old versus new damage to the roofs, HVAC units, components, and exteriors.

    Third, Aspen is still in need of certain documentation that has been requested on numerous occasions relating to the condition of the roofs prior to the 5/31/2013 loss. The following documentation was not provided and is again requested:

EXHIBIT 25

1. All repair estimates, invoices, cancelled checks relative to such repairs, and public adjuster's reports that relate to any properties damaged in the 5/2010 & 5/2012 weather events which has given rise to those prior claims;

2. Any documents which you have produced in support of your claim for property damage in connection with the litigation regarding the 2010 and/or 2012 property damage claims;

3. All photographs of the properties taken after the 2010 weather event but prior to the occurrence of any repairs to the properties; and

4. All photographs of the properties taken after the 2010 weather event after the completion of any repairs to the properties.

5. All documents regarding any major exterior repairs to the properties occurring within the 10 years prior to the date of loss.

6. Regarding information you have provided to document repairs made due to the 5/31/2013 loss: With a few minor exceptions, there are no repair scopes provided which specify what type of damage occurred and what the specific repair was (documentation only states "Roof damage/repair, $xxxx"). Please clarify so that we can know what the specific damage was and what the repairs were for. This applies to almost every property.

7. Based on the information you provided us, it appears that insurance proceeds were $2,969,389 and $1,981,126 for hail damage for the 5/2010 and 5/2012 claims, respectively. With almost $5M in recent proceeds, please provide the settlements documents and actual repair scopes so that we can evaluate damages due to the event on 5/31/2013 versus possible prior unrepaired damage from outside Aspen's policy period.

<u>To summarize this information request, we need to know what was damaged, what was paid for, and what was actually repaired from the 2010 and 2012 storms, along with specific repairs you have made due to this 5/31/2013 storm.</u>

This information is necessary in order to evaluate the condition of the roofs prior to the 5/31/2013 loss. Your attorney has mischaracterized our previous discussion suggesting that I have admitted that many of the roofs were "recently replaced" with the mistaken assumption that this is an admission that the roof surfaces, even if replaced following the 2010 or 2012 hail claims, were in an undamaged condition prior to the 5/31/2013 loss. Additionally, I am unable to verify from my inspection of the roofs if they were actually replaced after the 2010 or 2012 events, and my understanding of the term "recently replaced" could encompass a period from 1-4 years depending on the specific roof. Again, it is a mistaken assumption to construe any of our prior discussions as an admission that any "recently replaced" roofs were performed after the 2010 or 2012 events. I hope that this clears up any misunderstanding that we may have had during any of our discussions regarding the building roofs.

Aspen's policy came into effect on 8/20/2012. The requested documentation is necessary, for all of the claimed buildings, even if the roofs were replaced after the 2010 or 2012 events, to verify the date of roof replacement for each property so that we can then evaluate if any damage occurred to the properties between the date of repair, the date of inception of the Aspen policy, and the date of the May 2013 event.

As you are aware, we have scheduled inspections to begin on 5/5/2014, by Aspen's retained engineer. It is our hope that you will provide the requested documents by the date of the inspection so that the engineer will have that information to assist him in his evaluation. Please contact me if you would like to discuss this request further. Aspen continues to reserve all of its rights under the policy and nothing in this letter shall be construed as a waiver of any of those rights.

Sincerely,

Ken Smith
Associated Claims Management, Inc.
*on behalf of Aspen Specialty Insurance Company*
(Office) 704-485-8975
(Fax) 704-973-9303


cc: Jonna Holm, *Aspen Specialty Insurance Company*

Mark Engel, *attorney, Mansell, Engel, & Cole*

Cliff Miller, *agent, Professional Insurors, LLC*