# CHARLES A. SHADID, L. L. C.

SUITE 222, VICTORIA BUILDING
1901 CLASSEN BOULEVARD
OKLAHOMA CITY, OKLAHOMA 73106
(405) 525-6671   FAX (405) 525-6675

*Via certified mail – Return receipt requested*

April 21, 2014

Ken Smith
Associated Claims Management, Inc.
*On behalf of Aspen Specialty Insurance Co.*
510 E. 1st Street
Oakboro, NC 28129

| | |
|---|---|
| Claim Number: | PR1200037375 |
| Policy Number: | PRAAJM 212 |
| Date of Loss: | 5/31/2013 |
| Loss Locations: | Multiple – Refer to Schedule of Locations |
| Policy Dates: | 8/20/12 – 8/20/13 |

Dear Mr. Smith,

After furnishing you with 522 pages of requested information and documents, you continue to make requests for documentation in your letter of April 11, 2014 and at the same time you are refusing to furnish me with the information, inspection results, and notes you made on your four day inspection of the properties with your roofer. Aspen has not forwarded Charles A. Shadid LLC one document or any information as to the above loss.

You inspected the properties involved in the above loss for five days, Sept. 23 – 27, 2013, with your roofer, at which time you took measurements and photographs. You received evaluation of the roof damage from your roofer. You calculated the amount of roof damage on each roof and the cost of the repairs. You have this information. The engineers will not furnish you with this information. You continually request documents form me, but you refuse to furnish me with one document, photograph, or estimate of your damages, if any, of the insured properties that you inspected.

Because of my age of 84 years, it is difficult for me to get on the roofs to view the actual damage, if any, to the buildings due to the May 31, 2013 claim; therefore it is necessary that I depend upon others to advise me if there is any damage that is covered by your policy. As a result, it is necessary that I obtain the results of your inspection of the buildings for damages that you determine occurred as a result of the 2013 storm, which you have refused to give me. Without the results of your inspection it is difficult to determine the amount, if any, of the damages that occurred on May 31, 2013, so it is necessary that we receive the results of your five day inspection of the property Sept. 23-27, 2013.

1

EXHIBIT 26

It is again requested that you furnish to Charles A. Shadid, LLC, the insured, the above documents and the following documents so we can evaluate the claim:

1. All correspondence, memoranda, notes, reports and other documents received or generated by you in connection with the damages that occurred on May 31, 2013 at the properties owned my Charles A. Shadid, LLC.

2. All estimates, proposals, appraisals, scopes of repair, summaries, and assessments obtained or prepared by you in connection with the damages that occurred on May 31, 2013 at the properties owned by Charles A. Shadid LLC.

3. All documents provided to or reviewed by you in connection with the damages that occurred on May 31, 2013 at the properties owned by Charles A. Shadid, LLC.

4. All correspondence and other communications, including email, between you, any representative or member of Charles A. Shadid, LLC referencing, pertaining to or relating to the damages that occurred on May 31, 2013 at the properties owned by Charles A. Shadid, LLC.

5. All correspondence and other communication, including email, between you and/or Aspen Specialty Insurance Co. and/or any representative of Aspen referencing, pertaining to or relating to the damages that occurred on May 31, 2013 at the properties owned by Charles A. Shadid, LLC.

6. All records in your possession referencing, pertaining to or relating to the insurance claims submitted by Charles A. Shadid, LLC to Aspen Specialty Insurance Co.

7. All photographs, videos, surveys, charts, plats, drawings, diagrams, schematics, blueprints and sketches in your possession referencing, pertaining to or relating to the damages that occurred on May 31, 2013 at the properties owned by Charles A. Shadid, LLC.

8. All invoices, statements, bills and time sheets in connection with your appointment as Aspen designated appraiser for Charles A. Shadid, LLC loss and/or your investigation of the damages that occurred on May 31, 2013 at the properties owned by Charles A. Shadid, LLC.

9. The entire file retained by you, including any electronic files maintained, pertaining to the damages that occurred on May 31, 2013 at the properties owned by Charles A. Shadid, LLC.

10 All other information gathered, considered, utilized or expressed, or opinions expressed by you in connection with your appointment as the designated appraiser for Charles A. Shadid, LLC loss, and/or your investigation of the damages that occurred on May 31, 2013 at the properties owned by Charles A. Shadid, LLC and insured by Aspen.

**Failure and refusal by Aspen to furnish the above requested documents and information**

2

will show bad faith by Aspen Insurance Co.

You have requested various documents and information about a loss which occurred on May 10, 2010 and May 16, 2010. The release in said settlement of loss includes the following language:

> FOR AND IN CONSIDERATION of the payment made hereunder, RELEASORS, on behalf of themselves and their members, successors, Agents, and assigns, warrant and agree that the amount of settlement, but not the fact of the settlement, shall be strictly confidential and shall not be disclosed to any person, corporation, or other entity not a party to this Release except in response to a judicial order compelling disclosure or as otherwise may be required by law...

As a result of the above cited agreement, it will be necessary for you to get a Judicial Order requesting the disclosure. I do not want to be put in contempt for disobeying this order. I do want to provide you with any information that I can legally give to you, that is relevant, but I am being placed in a very difficult situation. Again, I want to fully comply with your requests as to any legal relevant request needed to settle these claims. As a result of the above release, I am unable to confirm the amount of the settlement. You are mistaken when you stated that I provided you with the information of the insurance proceeds of $2,969,389.00 and $1,981,126.00 for damage for 5/2010 and 5/20/2012. You took this figure from the published loss runs furnished by the insurance companies.

Your self-serving explanation of the term "recently replaced" lacks merit. It is important to note that you are now trying to get out of the clear meaning of your original statement as to the replaced roofs that you observed.

The requested items of repairs as a result of the 2010 loss is not relevant since you previously stated in your letter of November 4, 2013 the following: "We observed that most but not all, roofing surfaces had been replaced during recent years." "We observed storm damage to some roofs which occurred at the same time since the roofs were replaced." What relevancy does it have to gather documentation or evidence of a roof that doesn't even exist on one of the buildings since it has been replaced. We are only making claim on the roofs that Aspen insured in 2013 and that was on the building at the time of the storm. This is the only roofing surface for which a claim is being made. You have stated that you have observed that most of the roofs have been replaced. Since by your own admissions, you saw the new roofing surfaces, we are demanding that payment be made under the policy for those damages at this time. These existing and admitted damages should be paid without further delay, since it has been almost one year since the loss occurred. There is no justifiable reason for having failed to conclude the claim on a single one of these properties over a one-year period. After one year Aspen still has not informed the insured of which of the insured properties they agree suffered hail damage and which of these buildings they do not believe were damaged by wind or hail.

Requests for condition of the roofs prior to the loss on May 31, 2013 should be fully answered by your own inspection of the roofs and property by Aspen's inspection of the

3

roofs prior to and after the issuance of the policy. Aspen sent out their inspectors to examine the properties condition as a policy provision of insurance coverage. Aspen took no exception to the roofs in either the 2012 or 2013 policy. If there was damage to the roofs, it was incumbent upon Aspen to take exception to the roof damage at that time, not after they accepted the premium and after the hail damage occurred on May 31, 2013. Aspens inspection and photographs at the inception of the policy would show any prior loss to the roofs before their policy took effect. Aspen inspected the properties before they wrote the policy in 2012 and again when they renewed the policy in 2013.

You inquired about the repairs completed to the roofs due to the 5/31/13 loss. Invoices and copies of the loss were forwarded to you. All repairs to the roof were made with insulation board, 4 ply felt and one ply bit. Scope of entire repairs needed were furnished to you by the public adjusters report in great detail.

Charles A. Shadid, LLC continues to reserve the rights under the policy and nothing in this letter shall be construed as a waiver of any of those rights.

Yours very truly,

*Charles A. Shadid*

Charles A. Shadid
Mgr., Charles A. Shadid, LLC


.cc: Cliff Miller
   Professional Insurors, LLC