## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

FEB 27 2013

TIM RHODES
COURT CLERK

48

| | |
|---|---|
| CHARLES A. SHADID, LLC, <br> An Oklahoma Limited Liability <br> Company, <br><br> Plaintiff, <br><br> v. <br><br> COVINGTON SPECIALTY <br> INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CJ-2013-1210 <br> ) <br> ) <br> ) <br> ) <br> ) |

### PETITION

COMES NOW Plaintiff, Charles A. Shadid, LLC and for his causes of action against Defendant alleges and states the following:

1. Plaintiff, Charles A. Shadid, LLC, is an Oklahoma Limited Liability Company duly authorized to conduct business in the State of Oklahoma, with its principal place of business in Oklahoma County.

2. Defendant, Covington Specialty Insurance Company, 945 East Paces Ferry Road, Suite 1800, Atlanta, Georgia 30326-1160, is a foreign company authorized to transact business within the State of Oklahoma and may be served with process through its designated service agent, identified as John Doak, Oklahoma Insurance Commissioner, 5 Corporate Plaza, Suite 100, 3625 NW 56TH Street, Oklahoma City, Oklahoma 73112.

3. Based on the foregoing, this Court has jurisdiction over these parties and this subject matter and venue is proper herein.

4. Covington Specialty Insurance Company committed a breach of contract and violated its duty of good faith and fair dealing owed to the insured Charles A. Shadid, LLC by the denial of Plaintiff's claim.

5. Charles A. Shadid, LLC, entered into a contract with the Defendant to insure properties owned by the Plaintiffs from damage under the Policy number VHT363618. The policy period began at 12:01 am standard time from 07-01-09 to 07-01-10. Policy is attached as Exhibit 1, and is incorporated herein.

## FIRST CLAIM

6. Paragraphs 1 through 5 are incorporated by reference.

7. The following properties owned by the insured, Charles A. Shadid, LLC, sustained an insurable loss on May 10, 2010:

Property No. 14
Brookwood Shopping Center, 8932-8996 S. Western, Oklahoma City, Ok 73139, Shopping Center;

Property No 16
Hartsdel Shopping Center, 3001-3029 SE 44th, Del City, Ok 73115, Shopping Center;

Property No. 24
5810 S. Western, Oklahoma City, Ok 73109
Club

8. At all times material to this action, the policy issued by Defendant was in full force and effect.

9. On or about May 10, 2010 Plaintiff sustained an insurable loss under the terms of the insurance agreement when Plaintiff's insured buildings were damaged as a result of a named peril which includes hail damage in the insurance policies issued by Defendant.

10. Plaintiff made a claim for insurance coverage to Defendant and filed its Notification of Claim May 10, 2010. Plaintiff complied with all of its duties under the insurance policy and met all conditions precedent to the payment of insurance coverage. The Defendant paid a portion of Plaintiff's claim and the Plaintiff filed a Proof of Loss and claim for $850,000.00 on February 25, 2011.

11. To date of filing of this Complaint the Defendant has not made total settlement of the Plaintiff's claim.

12. Defendant has failed to provide all benefits due Plaintiff under the insurance contracts by the refusal to settle Plaintiff's total claim.

13. Furthermore, Defendant failed to comply with The Unfair Settlement Claims Practices Act of the Oklahoma statutes, Article 12A-1, Section 1250.

14. Defendants refusal to pay benefits owed Plaintiff is unreasonable, intentional, a violation of its duty of good faith and fair dealing, and in bad faith. The Defendant has shown bad faith for violating and not complying with the following;

**Insurer must treat its policyholder's interests with equal regard as it does its own interests. This is <u>NOT</u> an adversarial or competitive process;**

**Insurer should assist the policyholder with the claim;**

**Insurer must disclose to its insured <u>ALL</u> benefits, coverages and time limits that apply to the claim;**

**Insurer must conduct a full, fair and prompt investigation of the claim;**

**Insurer must fully, fairly and promptly evaluate and adjust the claim;**

**Insurer may not deny a claim or any part of a claim based upon insufficient information, speculation or biased information;**

If there is a full or partial claim denial, the insurer must give a written explanation, pointing to facts and policy provisions supporting the denial;

Insurer may not misrepresent facts or policy provisions;

Insurer must give claimant written update on status of claim every 30 days, including a description of what is needed to finalize the claim;

Insurer may not make settlement offers less than the insurer's evaluation of the claim.

15. As a result of the defendant's breach of contract, Plaintiff suffered property damage of $850,000.00 less payments; In addition the Plaintiff has suffered damage to their personal property; loss of value in their property; has suffered loss of income; has suffered loss in value of their business; and, has been damaged in an amount in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

16. As a result of Defendant's bad faith, Plaintiff has incurred financial losses and suffered embarrassment and mental pain for which they seek actual damages in excess of $75,000.00.

17. As a result of Defendant's bad faith, Plaintiff seeks punitive damages in excess of $75,000.00.

WHEREFORE, Plaintiff prays judgment against Defendant as above set out in all counts and requests all relief requested herein, together with interest, costs of suit, and any other exemplary, punitive, equitable and further relief as may be necessary and appropriate.

## SECOND CLAIM

18. Paragraphs 1 – 17 are incorporated by reference.

19. The following properties owned by the insured, Charles A. Shadid, L.L.C. sustained an insurable loss on May 16, 2010:

Property No. 1
Will Rogers Park Plaza I,
3000-3096 N. Portland
Oklahoma City, Ok 73107
Shopping Center

Property No 2
Will Rogers Park Plaza II
3100-3156 N. Portland
Oklahoma City, Ok 73107
Shopping Center

Property No. 3
Walnut Creek Shopping Center
1110-1164 N. Macarthur
Oklahoma City, Ok 73127
Shopping Center

Property No. 4
16th and Indiana
1708-1739-41, 1749-59 NW 16th
Oklahoma City, Ok 73111
Shopping Center

Property No. 5
Park Plaza Shopping Center
3705-3727 Springlake Dr
Oklahoma City, Ok 73111
Shopping Center

Property No. 6
Melrose Place

Property No. 8
Lakeshore Shopping Center
5821-25 W. Wilshire
7902-36 N. MacArthur
Oklahoma City, Ok 73132
Shopping Center

Property 9
Airline Shopping Center
3000-08, 3009 Dumas
3400-3442, 3444-52 SW 29
3500-3548 Newcastle
Oklahoma City, Ok 73119
Shopping Center

Property No 10
MacArthur Park
2230 – 2344 N. MacArthur
Oklahoma City, Ok 73111
Shopping Center

Property No. 11
Sooner Market
101-11, 113-207, 209 S.
Sooner Rd.
5500-42 E. Reno
Del City, Ok 73115
Shopping Center

Property No. 12
Victoria Bldg.

6740-44 Melrose Lane
Okla. City, Ok 73127
Warehouse and Office

Property No. 7
Northeast Shopping Center
1100-1104, 1108-16, 1124
1128-48 NE 36th, 3613
3617-33, 3641-63, 3667-73
N. Lottie, Oklahoma City, Ok 73111

Property No. 15
Delwood Shops
3204-3220 Tinker Diagonal
Del City, Ok 73115
Shopping Center

Property No. 17
2700-07 S. Agnew
Oklahoma City, Ok 73108
Retail/Laundry

Property No. 19
2036 NE 23rd
Oklahoma City, Ok 73111
Retail

Property No. 20
1400 NW 23rd
Oklahoma City, Ok 73106

1901-1915 Classen Blvd.
Oklahoma City, Ok 73106
Office/Retail/Restaurant

Property No. 13
Newport Shops
9120-46 N. MacArthur
Oklahoma City, Ok 73132
Shopping Center

Property No. 21
804 W. Britton
Okla. City, Ok 73114

Property No. 22
8467-95 NE 23
Spencer, Ok 73141
Shopping Center

Property No. 27
3121 N. Classen
Oklahoma City, Ok 73118
Office

Property No. 28
3838 Springlake Dr.
Oklahoma City, Ok 73111
Restaurant

20. At all times material to this action, the policy issued by Defendant was in full force and effect and said policy covered all of the listed properties described herein.

21. On or about May 16, 2010 Plaintiff sustained an insurable loss under the terms of the insurance agreement when Plaintiff's buildings as listed herein were damaged as a result of a named peril which includes hail damage in the insurance policies issued by Defendant.

22. Plaintiff made a claim for a loss which exceeds the $5,000,000 coverage provided by their policy with the defendant and filed its Notification of Claim May 16, 2010 with the Defendant. Plaintiff filed its Proof of Loss with Defendant on February 25, 2011 for $4,999,000.00. Plaintiff complied with all of its duties under the insurance policy and met all conditions precedent to the payment of insurance coverage.

23. To date of filing of this Complaint the Defendant has made no total settlement of the Plaintiff's claim.

24. Defendant has failed to provide all benefits due Plaintiff under the insurance contracts by the refusal to totally settle Plaintiff's claim.

25. Furthermore, Defendant failed to comply with The Unfair Settlement Claims Practices Act of the Oklahoma statutes, Article 12A-1, Section 1250.

26. Defendants refusal to pay benefits owed Plaintiff is unreasonable, intentional, a violation of its duty of good faith and fair dealing, and in bad faith and all of the acts of defendant were in violation of the statues of Oklahoma, title 36 Sec 1250.3 and Sec 1250.5 acts constituting unfair claims Settlement Practices.

27. As a result of the defendant's breach of contract, Plaintiff suffered property damage for a loss which exceeds the $5,000,000.00 coverage provided by he

defendants policy, and the Plaintiff prays judgment against the Defendant for the balance of the $5,000,000.00 less deductible of $10,000.00 not paid to the Plaintiff; In addition the Plaintiff has suffered damage to their personal property; loss of value in their property; has suffered loss of income; has suffered loss in value of their business; and, has been damaged in an amount in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

28. As a result of Defendant's bad faith, Plaintiff has incurred financial losses and suffered embarrassment and mental pain for which they seek actual damages in excess of $75,000.00. Plaintiff asserts that Defendant's refusal to honor their claim is in bad faith, and that Defendant has no substantial justification for denying Plaintiff's claim.

29. Plaintiff has fully cooperated in a lengthy and onerous claim investigation by the defendant and its agents. Throughout said investigation defendant, by its agents, has required Plaintiff to spend an extraordinary amount of time and effort to prove their claim. Though Plaintiff's have performed many tasks required by them of the defendant in the effort to collect on their insurance policy, defendant, by its agents, has acted unfairly, and has refused to deal in a good faith manner with the plaintiffs.

30. That the Defendants refuses to pay the umpires appraisal award of actual cash value damages of $4,888,536.36 less payments made which was unreasonable, intentional and a violation of its duty of good faith and fair dealing, and in bad faith.

31. As a result of Defendant's bad faith, Plaintiff seeks punitive damages in excess of $75,000.00.

WHEREFORE, Plaintiff prays judgment against the Defendant in the sum of $850,000.00 and the further sum in excess of $75,000.00 as set out in all counts of its First Claim and in its Second Claim the sum of $4,888,536.36 plus the sum in excess of $75,000.00 on each of the counts as set out in Second Claim, together with all relief requested herein, together with interest, costs of suit, and any other exemplary, punitive, equitable and further relief as may be necessary, appropriate, additional or alternative relief as the court deems just and necessary

Respectfully submitted,

Travis Charles Smith, OBA #22716
Charles A. Shadid, OBA #8102
1901 N. Classen Boulevard
222 Victoria Building
Oklahoma City, Oklahoma 73106
Office: 405-525-6671
Facsimile: 405-525-6675
**ATTORNEYS FOR PLAINTIFF**
**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**