IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES A. SHADID, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-595-D |
| | ) | |
| ASPEN SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court are Plaintiff's Motion in Limine [Doc. No. 87] and Defendant's Motion in Limine [Doc. No. 79], which are fully briefed and at issue.

This case concerns insurance coverage for property damage from a May 31, 2013 tornado allegedly affecting approximately 20 commercial properties owned by Plaintiff, under a policy issued by Defendant in August 2012. *See* Second Am. Compl. [Doc. No. 8], ¶¶ 4, 6. The Court has denied summary judgment to Defendant on Plaintiff's claims for breach of contract and insurer's bad faith. Both parties seek pretrial rulings on the admissibility of evidence that may be offered at the jury trial currently set on the Court's August 14, 2018 docket. Upon consideration of the issues raised by the parties' Motions, the Court makes the following determinations.

**A.      Plaintiff's Motion in Limine**

Plaintiff seeks to exclude evidence and argument regarding three subject areas: 1) any claim by Defendant that it is not responsible for any loss during the policy period

on a date other than May 31, 2013; 2) any defense to coverage that was not asserted by Defendant as a basis for denying Plaintiff's insurance claim; and 3) any information or evidence that Defendant obtained after it denied Plaintiff's insurance claim.

In response, Defendant contends Plaintiff is seeking dispositive legal rulings that should have been raised by a motion for summary judgment. Defendant notes that Plaintiff does not cite any evidentiary rules or refer to any particular testimony or exhibits but, instead, argues in support of the Motion that the Court should issue pretrial rulings as a matter of law concerning the reach of the insurance policy and available defenses. For ease of discussion, the Court addresses Plaintiff's propositions in reverse order.

**1. After-Acquired Evidence**

Plaintiff seeks to exclude all evidence that Defendant obtained after it denied Plaintiff's insurance claim. Plaintiff relies on *Buzzard v. Farmers Ins. Co*., 824 P.2d 1105 (Okla. 1991), and *Newport v. USAA*, 11 P.3d 190 (Okla. 2000), for the proposition that the focus of a bad faith claim is the time period that a claim is being reviewed and that evidence developed later is inadmissible on the issue of bad faith. As noted by Defendant, Plaintiff presents this argument as a legal rule, without reference to any particular evidence or any evidentiary rule.

Plaintiff proposes an unworkable evidentiary ruling for the trial of this case, which involves contested issues of coverage and alleged bad faith conduct. One of Defendant's reasons for denying the insurance claim was that Plaintiff allegedly did not cooperate in the investigation. To show that Plaintiff failed to provide available information and that Defendant was prejudiced by the failure, Defendant will need to introduce information and

documents that it subsequently obtained from Plaintiff or others. Another trial issue is the amount of Plaintiff's insured loss. Defendant is entitled to rebut Plaintiff's proof on this issue and to use presently-available, admissible evidence in defense of Plaintiff's case.

In short, the Court rejects Plaintiff's implicit argument that all evidence obtained by Defendant after it made a coverage decision is irrelevant to the trial issues. The Court is unable to rule categorically in advance of trial that all after-acquired evidence should be excluded.

### 2. Available Defenses

Closely related to Plaintiff's requested ruling regarding available evidence, Plaintiff asks the Court to bar Defendant from asserting any coverage defenses other than the reasons given for its decision to deny Plaintiff's insurance claim. Again, the Court finds itself unable to rule categorically as an evidentiary matter that Defendant should be limited to certain arguments or defenses. Plaintiff should object at trial, as appropriate to particular testimony or items of evidence, if Defendant delves into irrelevant matters.

### 3. Covered Losses

Plaintiff argues that the coverage issue should not be limited to property damage resulting from the May 31, 2013 storm and, thus, Defendant should be prohibited from asserting that other weather events during the policy period cannot be considered in support of Plaintiff's claim. Plaintiff asserts that "insurance policy coverage is a matter for the Court's determination," and urges the Court to "decide as a matter of law" that Defendant is "responsible for covered property damage occurring within the policy period." *See* Pl.s' Mot. at 2, 6. The Court agrees with Defendant that Plaintiff appears to be seeking a

dispositive ruling on a substantive issue, rather than an evidentiary ruling. Plaintiff, through counsel, may advocate at trial after a full presentation of the pertinent facts and evidence for the Court to instruct the jury regarding the applicable legal principles. The Court therefore finds that Plaintiff's Motion should be denied in its entirety.

B. **Defendant's Motion in Limine**

Defendant seeks to exclude evidence or argument regarding twelve subject areas: 1) testimony of three witnesses who are owners or managers of other companies that were insured by, and made property insurance claims against, Defendant; 2) evidence regarding other insureds' claims generally; 3) testimony of two witnesses regarding a hail storm they witnessed on May 20, 2013, near one of Plaintiff's properties; 4) an Oklahoma Insurance Commission bulletin and a newspaper article regarding earthquake insurance; 5) testimony of Defendant's employee, James Wallace; 6) Defendant's use of out-of-state adjusters, attorneys, or representatives; 7) the percentage of risk involved in commercial insurance coverage attributable to roof losses; 8) Defendant's loss reserves related to Plaintiff's insurance claim; 9) Defendant's attorney fees or litigation costs in this case; 10) Defendant's contract with or compensation of a field adjuster, Associated Claims Management ("ACM"); 11) punitive damages; and 12) Defendant's financial statements.

In response, Plaintiff states that it does not intend to introduce the newspaper article referenced in #4, the witness listed in #5, or evidence regarding topics 6, 7 and 9.[1] Regarding topics 11 and 12, Plaintiff states that it will not offer evidence pertinent to

---

[1] Plaintiff assumes #6 is directed to undue emphasis of the nonresident status of Defendant's representatives as an appeal to home-state bias. This is a reasonable assumption.

4

punitive damages (such as Defendant's wealth) during the initial phase of a trial conducted under the bifurcated procedure authorized by Oklahoma's punitive damages statute, Okla. Stat. tit. 23, § 9.1.

The two-stage trial procedure for punitive damages provided by Oklahoma law may be used in federal trials at the discretion of the presiding judge. *See Shugart v. Cent. Rural Elec. Co-op.*, 110 F.3d 1501, 1504 (10th Cir. 1997); *see also Bannister v. State Farm Mut. Auto Ins. Co.*, 692 F.3d 1117, 1124-25 & n.9 (10th Cir. 2012) (recognizing the use of Oklahoma's two-step procedure under § 9.1). The Court has adopted this procedure in the past (*see Houchin v. Hartford Life Ins Co.*, Case No. CIV-14-522-D, 2016 WL 126879 (W.D. Okla. Jan. 11, 2016)), and has found that it provides a fair solution to the evidentiary problem raised by Defendant, where evidence that may be relevant to an award of punitive damages is inadmissible for other purposes. Accordingly, the Court elects to use the two-stage procedure for consideration of punitive damages in the jury trial of this case, if warranted by the evidence.

Therefore, the Court finds that the only issues presented for decision by Defendant's Motion concern the following five categories of evidence (renumbered for convenience):

   1. **Similar Claims by Other Insureds**

Plaintiff proposes to introduce evidence regarding Defendant's handling of other insureds' claims to establish an alleged pattern or routine practice by Defendant of investigating and denying property loss claims in the same manner used against Plaintiff, as evidence of bad faith. The only evidence identified by Plaintiff in this category is the testimony of three witnesses who own or manage businesses insured by Defendant –

5

Anthony Mirzaie of Kingsdale Properties, LLC; Tom Seabrooke of Bricktown Capital, LLC; and Austin Rose of Producers Cooperative Oil Mill – which made claims for property damage resulting from Oklahoma weather events in April and May 2013, and allegedly received adverse decisions involving the same claim representatives and field adjuster for the same reason, namely, failure to cooperate. Plaintiff asserts that this evidence is admissible under Fed. R. Evid. 406.

Defendant contends these witnesses are representatives of disgruntled insureds who also filed lawsuits, and their testimony about other claims and properties has no relevance to Plaintiff's contract claim and little relevance to the bad faith claim. Defendant seeks the exclusion of any probative evidence under Rule 403 because its "limited value would be outweighed by its likelihood to confuse the jury or unfairly prejudice" Defendant. *See* Def.'s Mot. at 9. Defendant also argues that introducing evidence regarding other claims would waste trial time and judicial resources because Defendant would need to defend additional insurance claims not otherwise involved in this lawsuit and, in fairness, should be permitted to rebut the evidence by presenting testimony of satisfied insureds. Finally, Defendant argues that evidence of any bad faith conduct in other cases should be excluded under Rule 404(b) as inadmissible "other acts" evidence. *See* Def.'s Mot. at 10-11.

In the Court's view, the question of whether to admit evidence regarding Defendant's alleged similar bad-faith treatment of other insureds is a close one. After careful consideration, however, the Court concludes that Plaintiff's proposed evidence that other insureds of commercial properties in the same locality suffered similar losses and allegedly were subjected to similarly heavy-handed treatment by Defendant during the

6

investigations by the same representatives and adjusters and received similar denials for failure to cooperate (assuming that is the evidence) is relevant to Plaintiff's claim of bad faith conduct and should be admitted. The evidence is not inadmissible Rule 404(b) evidence because it is not offered as evidence of Defendant's character and, in any event, is offered for a proper purpose, to show Defendant's alleged willful intent to deny a valid claim.[2] The Court is also not persuaded that the probative value of this evidence is "substantially outweighed" by the dangers raised by Defendant, as required for exclusion under Rule 403.

The Court shares Defendant's concern, however, that an extended presentation by Plaintiff of this type of evidence has the potential to confuse the jury and delay the trial, and thus, the Court will expect Plaintiff to carefully plan and conduct the examination of these three witnesses. The Court will also consider allowing Defendant a brief rebuttal with evidence of similarly situated insureds who received favorable treatment, if Defendant provides reasonable advance notice of these proposed witnesses. Defendant may also proffer for consideration by the Court in advance of the presentation of this evidence an appropriate limiting instruction to be given to the jury. Subject to these conditions, the Court finds that Defendant's Motion regarding the testimony of Messrs. Mirzaie, Seabrooke, and Rose should be denied.

---

[2] The Court recognizes that "the proper method of handling issues of corporate character remains an open question" (22B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure*, § 5234) but that the Tenth Circuit has applied Rule 404(b) to corporations. *See Averitt v. Southland Motor Inn*, 720 F.2d 1178, 1182 (10th Cir. 1983).

### 2. Hail Storm Witnesses

Plaintiff represents that two employees of a business of Kingsdale Properties, LLC, Isaac Davidson and Bennie Shaw, will testify about the size of hail stones they saw in a storm on May 20, 2013, at their location within 0.5 miles from one of Plaintiff's properties. Defendant represents that these witnesses were located at least 4.5 miles from all other properties for which coverage is sought. Defendant also asserts that the coverage issue in this case is limited to Plaintiff's loss from the May 31, 2013 storm and, thus, testimony about another storm 11 days earlier "is completely irrelevant." *See* Def.'s Mot. at 13.

The Court finds the fact that the weather event witnessed by Messrs. Davidson and Shaw may have affected only one of 20 properties at issue does not render it irrelevant. Further, as discussed *supra*, the validity of Defendant's position that Plaintiff must prove the property loss for which it claims coverage occurred solely on May 31, 2013, rather than May 20, 2013 remains undecided. Therefore, the Court cannot rule at this point in the case that the proposed testimony is irrelevant, and Defendant's Motion on this issue must be denied.

### 3. Insurance Bulletin

Defendant questions what relevance an earthquake insurance bulletin from the Oklahoma Insurance Commissioner has in a case about a weather-related insurance claim. Defendant also asserts that the bulletin should be excluded under Rule 403 because any probative value is outweighed by potential prejudice, and that it is inadmissible hearsay under Rules 801 and 802.

Plaintiff's theory of admissibility is that the bulletin addresses claim denials based on "pre-existing damage" and "sets forth a common-sense industry claims-handling practice that 'it is important that the insurer know the condition of the insured property at inception of the coverage and remain cognizant of any damage that may have occurred during the policy period.'" Pl.'s Resp. Br. [Doc. No. 92] at 14 (quoting Earthquake Ins. Bulletin No. PC 2015-02, Ex. 2 [Doc. No. 92-2] at 2). Plaintiff argues that one of Defendant's witnesses has testified that the bulletin states a generally-applicable underwriting principle or practice. Plaintiff addresses the hearsay issue only in a footnote, arguing that the bulletin is "probably" admissible under the business records exception of Rule 803(6). *See id*. n.3.

From this tentative argument, Plaintiff recognizes it is presently unable to satisfy the requirements of the business records exception:

> To satisfy Rule 803(6) the [business] records must (1) have been prepared in the normal course of business; (2) have been made at or near the time of the events recorded; (3) be based on the personal knowledge of the entrant or of a person who had a business duty to transmit the information to the entrant; and (4) indicate the sources, methods and circumstances by which the record was made were trustworthy. The proponent of the document must also lay this foundation for its admission.

*United States v. Ary*, 518 F.3d 775, 786 (10th Cir. 2008) (citations omitted). Because discovery has been completed and Plaintiff has not timely identified any witness who could provide the information needed to satisfy Rule 803(6), the Court finds that Plaintiff has failed to establish the admissibility of the hearsay statements in the insurance bulletin. The Court further finds that, if a hearsay exception were applicable, the limited probative value of the bulletin would be substantially outweighed by a danger that the jury would give

undue weight to a statement by the Oklahoma Insurance Commissioner made in a different context. To the extent the bulletin states an accepted industry standard or practice, Plaintiff can elicit such testimony from knowledgeable witnesses. Therefore, the Court finds that Defendant's Motion to exclude the earthquake insurance bulletin should be granted.

   4.   **Defendant's Loss Reserves**

Defendant objects to the introduction of evidence regarding its loss reserves for Plaintiff's insurance claim "as irrelevant, prejudicial, and likely to confuse the jury." *See* Def.'s Mot. at 17. Defendant argues that setting loss reserves is simply a good business or accounting practice and satisfies a regulatory requirement, but the jury is likely to misinterpret the evidence as an admission of liability for coverage. Plaintiff contends evidence that Defendant set a $1,000,000 loss reserve on Plaintiff's insurance claim shows Defendant's internal assessment of the claim's potential value and "is relevant to the 'subjective component' of [Plaintiff's] bad faith claim." *See* Pl.'s Resp. Br. at 18 (quoting *Oneok, Inc. v. Nat'l Union Fire Ins. Co.*, No. 06-CV-200GKFSAJ, 2007 WL 2891519, *4 (N.D. Okla. Sept. 28, 20007)).

Upon consideration, the Court finds that evidence of Defendant's loss reserve is relevant to Plaintiff's bad faith claim and that Defendant has failed to show the probative value of the evidence is substantially outweighed by a danger of unfair prejudice. Although the Court shares Defendant's concern that the jury may not understand the limited purpose for which the evidence is admitted, the Court finds that prejudice can be avoided by the use of an appropriate jury instruction. The parties are invited to proffer a limiting instruction regarding evidence of insurance loss reserves for use during the trial and at the

completion of the evidence. Subject to this condition, the Court finds that Defendant's Motion regarding loss reserves should be denied.

5. **Defendant's Relationship with ACM**

Defendant seeks to exclude Plaintiff's proposed evidence regarding Defendant's longstanding business relationship with ACM as a provider of claims-adjustment services, and the amount of money that Defendant paid ACM for its services in connection with this case. Defendant argues that the amount of money it spent in adjusting Plaintiff's claim is irrelevant and evidence on this subject would be unduly prejudicial. Plaintiff contends this evidence is highly relevant to show ACM's potential bias and to challenge the credibility of ACM's witnesses regarding the investigation and evaluation of Plaintiff's claim.

On the present record, the Court cannot say that Plaintiff's proposed evidence is irrelevant or that its impeachment value is outweighed by a danger of unfair prejudice. Therefore, Defendant's Motion regarding its payments to ACM is denied, without prejudice to contemporaneous objections at trial, if appropriate.

**C. Conclusion**

By this Order, the Court issues pretrial rulings on the admissibility of anticipated evidence based on the arguments presented in the motion papers, and reserves for ruling at trial objections based on a more fully developed record and the evidence actually presented. Counsel for a party who wishes to introduce at trial evidence within the categories permitted by this Order shall advise the Court and opposing counsel outside the presence of the jury before proffering such evidence.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine [Doc. No. 87] is DENIED and Defendant's Motion in Limine [Doc. No. 79] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 13th day of July, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE